# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

STRIKER ENTITIES, LLC, )
                                            )
        Plaintiff, )
                                            )
-vs- )    Case No. CIV-18-508-F
                                            )
BRUCE CALLANDER, )
                                            )
        Defendant. )

## ORDER

Before the court is Plaintiff's Motion for Summary Judgment, filed May 1, 2019 (doc. no. 41). Defendant has responded to the motion and plaintiff has replied. Upon due consideration of the parties' submissions, the court makes its determination.

### I.

Plaintiff, Striker Entities, LLC ("Striker"), brings this breach of contract action seeking to collect on two promissory notes executed by defendant, Bruce Callander ("Callander"), in 2002 and 2003. According to Striker, the notes were used to purchase ownership units in two phases of an oil and gas drilling partnership called Program 2001.[1] Program 2001 was managed by Striker and organized to conduct oil and gas operations in Oklahoma and elsewhere. The subject notes provided that "[t]he interest of [Callander] in the production from the Program Wells shall be used by [Striker] to prepay [Callander's] obligations under [the note] with such payments to first be used to pay interest and then to pay the principal amount

---

[1] Callander also contributed cash to purchase the ownership units.

of [the note]." Ex. 1 and ex. 4 to Striker's motion, ¶ 4. Striker claims that due to a severe downtown in the price of oil and gas, it was forced to shut down Program 2001 and sell off its assets in the 2012-2014 timeframe. Because "no further production from the Program's wells [would be available] to reduce either the non-recourse interest or the recourse principal amount of the [note]," Striker, by letter dated April 20, 2015, declared the notes in default and demanded payment of the outstanding principal balance of the notes.[2] Ex. 5 to Striker's motion. Striker claims Callander refused to make payment as demanded and after having credited all oil and gas production revenues from the Program Wells to the notes, Callander still owes it $116,856.00 on the notes and $17,528.40 in attorney's fees for collection of the notes. Striker now seeks summary judgment under Rule 56(a), Fed. R. Civ. P., on its breach of contract claim and requests the court to enter judgment in its favor and against Callander in the total amount of $134.384.40. Striker contends that Callander cannot establish any defense to its right to payment of the notes.[3]

Callander opposes summary judgment, arguing that genuine issues of material fact exist as to whether the notes are enforceable due to lack of consideration and fraudulent inducement. With respect to lack of consideration, Callander asserts that his core interest and expectation in investing in the oil and gas drilling partnership was to obtain valid, ongoing tax deductions. Because of an Internal Revenue Service audit conducted on a similar Striker drilling program (which found that the program could not support the claimed tax deductions), together with Striker's inability to produce supporting records for Program 2001, Callander contends that his claimed

---

[2] Only the principal balance was sought by Striker as each of the notes provided that "[a]ccrued but unpaid interest shall be a non-recourse liability" and "the Maker shall be personally liable for the payment of the principal amount of this [note]." Ex. 1 and ex. 4 to Striker's motion, ¶¶3-4.

[3] In its motion, Striker argues that Oklahoma law governs in this case. Callander, who is a resident of California, does not challenge the applicability of Oklahoma law in his response. The court therefore applies Oklahoma law.

2

tax deductions based upon the notes were, at best, unsupported and potentially invalid. Callander thus asserts that any benefit allegedly conferred pursuant to the notes is illusory. Consequently, Callander argues that both notes fail for lack of consideration.

As to the defense of fraudulent inducement, Callander asserts that Richard Romine, Striker's sole member and manager, made material, false representations which induced Callander to execute the notes. Specifically, Callander asserts that Romine told him the notes would be fully repaid from revenues from the drilling program, and that in any event, Striker would not pursue Callander for repayment of any note balance.[4] Callander contends that these representations were false because the revenues generated by Program 2001's wells did not fully repay the alleged balances on the notes and Striker is now pursuing collection of the notes with this action. In addition, Callander asserts that Romine promoted the drilling program, including the use of the notes, for the purpose of securing ongoing tax-deductible investments. However, Callander contends that although requested, Striker has not produced any supporting accounting to support the tax deductions and the IRS has found that a substantially similar investment program could not support the claimed deductions.

Even if the notes were enforceable, Callander argues that summary judgment is not appropriate because there are genuine issues of material fact as to amount due on the notes. Callander maintains that Striker has not produced any contemporaneous accounting that would support its damages claim. According to

---

[4] Callander's arguments in opposition to summary judgment rest in part on his contention that there was a side agreement that he was not to be held liable on the notes. No issue is now before the court as to any other potentially serious ramifications of this off-the-books agreement (if it did, in fact, exist).

3

Callander, the summary Schedule K-1's prepared annually by Striker and provided to Callander are not sufficient evidence to establish its damages.

In reply, Striker argues that the IRS audit of the other Striker drilling program, Program 2007-A, is completely irrelevant to the enforceability of Callander's notes. Striker points out that Program 2001 has never been audited and that the IRS made no findings in the referenced audit about Program 2001, the notes at issue or the validity of the tax deductions for the notes. According to Striker, Callander has presented no evidence that the specific features of Program 2007-A that the IRS found objectionable are also features of Program 2001. In addition, Striker contends that the notes are supported by consideration because Callander accepted and kept all the tax benefits. Moreover, it asserts that the notes recite numerous mutual promises of future performance. These promises, Striker argues, are sufficient consideration for the notes. Striker further points out that the notes do not require it to produce any documentation before the notes can be enforced against Callander. Further, Striker asserts that Callander's fraud arguments fail because he accepted all the benefits of the notes, and under 12A O.S. 3-305(a)(1), fraud can be a defense to a promissory note only where it induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms. Striker contends that Callander had reasonable opportunity to learn of the essential terms of the notes by reading them before their execution. Lastly, Striker argues that Callander's complaints about a lack of documents to prove the notes' balances are meritless because he never challenged the accuracy of the Schedule K-1s, he knowingly refused to give time to Striker to produce the supporting documents, and Striker's summary judgment motion is timely under the court's scheduling order.

4

II.

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Rule 56(a), Fed. R. Civ. P. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. In deciding whether summary judgment is appropriate, the court does not weigh the evidence and determine the truth of the matter asserted, but only determines whether there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A fact is "material" if under the substantive law it is essential to the proper disposition of the claim. Id. In adjudicating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving party. McGehee v. Forest Oil Corporation, 908 F.3d 619, 624 (10th Cir. 2018).

III.

Upon review, the court finds that Callander has failed to raise a genuine issue of material fact with respect to a lack of consideration for the notes.

Although Callander has presented evidence of an IRS audit of another Striker drilling program, Program 2007-A, which disallowed the tax deductions of certain investors, Callander has not presented evidence to raise a genuine issue of material fact that his tax deductions for investing in Program 2001 are illusory. The IRS audit did not involve Program 2001, the notes or the tax deductions at issue. There is no evidence in the record that the IRS has audited or intends to audit Program 2001. The court is not satisfied that Callander's "concern[] that the IRS might audit the [Program 2001] in which [he] invested and that the IRS might reach similar

conclusions about [his] investment," ex. 1 to Callander's response, ¶ 8, is adequate to raise a genuine issue of material fact that the notes at issue lack consideration.

IV.

As to the defense of fraudulent inducement, the court finds that Callander has proffered evidence to raise genuine issues of material fact sufficient to avoid summary judgment. Specifically, the evidentiary record is sufficient to raise genuine issues of material fact as to whether (1) Romine made a material, false representation – that the notes would be fully repaid from revenues from the drilling program and that Striker would not pursue Callander for repayment of the balances of the notes;[5] (2) Romine made the representation with knowledge of falsity, or recklessly without any knowledge of its truth, and as a positive assertion; (3) Romine made the representation with intention that it be acted upon by Callander; and (4) Callander actually relied upon the representation to his injury. Johnson v. Eagle, 355 P.2d 868, 870 (Okla. 1960).

Initially, the court rejects Striker's argument that Callander cannot rely upon his fraudulent inducement defense because 12A O.S. § 3-305(a)(1) only allows a defense of "fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms."[6] The fraud defense in § 3-305(a)(1) is "fraud in the factum." *See*, Federal Deposit Ins. Corp. v. Aetna Cas. & Sur. Co., 947 F.2d 196, 203 (6th Cir. 1991);

---

[5] The court concludes that Callander has not proffered evidence sufficient to raise a genuine issue of material fact that Romine made a material, false representation in promoting Program 2001 as a source of valid tax deduction. (That tax-related benefit of the program is a benefit wholly separate from the benefit of the opportunity to receive income from production, or the benefit of never having to pay the notes from personal resources.) The evidentiary record, even viewed in a light most favorable to Callander, does not show that Callander's tax deductions are not valid.

[6] Because the notes at issue are negotiable instructions, they are subject to the requirements of the Uniform Commercial Code. *See*, Wells Fargo Bank, N.A. v. Heath, 280 P.3d 328, 333 (Okla. 2012).

Exchange Intern. Leasing Corp. v. Consolidated Business Forms Co., Inc., 462 F. Supp. 626, 628 (W.D. Pa. 1978); Exportkreditnämnden v. Fleming Building Company, Inc., 2014 WL 11532283, * 7-8 (N.D. Okla. Sept. 16, 2014). Callander is not asserting fraud in the factum. Rather, he is asserting fraudulent inducement. Section 3-305(a)(2) of Title 12A of the Oklahoma Statutes permits "a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract." 12A O.S. 2011 § 3-305(a)(2). In Oklahoma, fraudulent inducement is a defense to a simple contract. Johnson v. Eagle, 355 P.2d 868, 870 (Okla. 1960). The court recognizes that under 12A O.S. 2011§ 3-305(b), the "holder in due course" is not subject to the § 3-305(a)(2) defense of the obligor "against a person other than the holder." However, the record does not indicate that Striker is a holder in due course. Even if it were a holder in due course, Striker is the "holder" of Callander's notes. Callander's defense of fraudulent inducement is against Striker and based upon its conduct. 2 White, Summers, & Hillman, Uniform Commercial Code § 18.29 (6th ed.) ("[T]he holder in due course is sure to take free only of personal defenses that do not arise from his own behavior. As we have seen, the payee of a note can be a holder in due course and yet, if the maker has a defense against *him*, be subject to all of the maker's defenses.") (emphasis in original). Consequently, the court concludes that Striker may be subject to Callander's fraudulent inducement defense.

In addition, the court rejects Striker's contention that the fraudulent inducement defense is eliminated because Callander accepted the benefits of the notes, *i.e.*, the tax deductions. Striker cites 15 O.S. 2011 § 75 in support of this contention. That statute provides that "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it *so far as the facts are known, or ought to be known to the person accepting*." § 75 (emphasis added). In light of Callander's assertions as to Romine's material, false

7

representation to Callander, a matter which for purpose of summary judgment must be viewed in Callander's favor, the court concludes that a genuine issue of material fact exists as to whether the "facts [were] known, or ought to [have been] known" to Callander in accepting the tax benefit.

Lastly, in its papers, Striker argues that Callander cannot rely upon any prior oral representations purportedly made by Romine to him because the prior oral representations are directly contradictory of the plain language of the written contracts. The court recognizes that under the parol evidence rule, written agreements entered into by the parties supersede all pre-contract negotiations and prior oral communications. *See*, First Nat. Bank in Durant v. Honey Creek Entertainment Corp., 54 P.3d 100, 103 (Okla. 2002). However, "[i]t is well-established in Oklahoma that the parol evidence rule does not preclude evidence of false and fraudulent representations of fact offered to establish fraud in the inducement of the execution of a contract, even when those representations directly contradict the contract provisions." *Id*. at 104. Thus, Callander can rely upon the alleged oral false representation of Romine, regarding repayment of the notes, as evidence in support of his fraudulent inducement defense to Striker's breach of contract claim.

V.

Callander, in his briefing, also argues that summary judgment is not appropriate because there is a dispute between the parties as to the balance due and owing on the notes. In reply, Striker does not address this argument other than to say that production of documents is not a condition of the notes' enforceability. As the court is denying summary judgment based upon the fraudulent inducement defense, the court does not need to decide whether a genuine issue of material fact exists as to the balance of the notes because of an absence of documentation other than the Schedule K-1 documents.

8

## VI.

Based upon the foregoing, Plaintiff's Motion for Summary Judgment, filed May 1, 2019 (doc. no. 41), is **DENIED**.

IT IS SO ORDERED this 11th day of July, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0508p011_rev.docx